OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision and order on defendants’ appeal from their convictions of exposure of a person (Penal Law § 245.01) (see, 146 Misc 2d 115).
*67 The facts of the case are undisputed. The ultimate decision of this court rests on the unusual evidence presented at trial especially the testimony of experts, i.e., George Barker and Rita Freedman.
Appellants were charged with the crime of exposure of a person (Penal Law § 245.01) because they exposed their breasts at a public beach at Durand Eastman Park. The statute provides:
"A person is guilty of exposure if he appears in a public place in such a manner that the private or intimate parts of his body are unclothed or exposed. For purposes of this section, the private or intimate parts of a female person shall include that portion of the breast which is below the top of the areola. This section shall not apply to the breastfeeding of infants or to any person entertaining or performing in a play, exhibition, show or entertainment.
"Exposure of a person is a violation.
"Nothing in this section shall prevent the adoption by a city, town or village of a local law prohibiting exposure of a person as herein defined in a public place, at any time, whether or not such person is entertaining or performing in a play, exhibition, show or entertainment.”
This case presents first the issue as to whether this State statute which prohibits a female person from appearing at a public place with her breasts unclothed violates the Equal Protection Clauses of the United States and New York State Constitutions. The tests to be applied in determining whether a gender-based statute should be declared unconstitutional as a violation of equal protection are well established.
The first test is: does the statute protect a legitimate government interest? A legitimate government interest must demonstrate "a reasonable relation to permissible objectives which promote the public health, safety, morals and general welfare” (Elliott Adv. Co. v Metropolitan Dade County, 425 F2d 1141, 1151). Clearly protecting the public’s sensibilities is a legitimate government interest (People v Hollman, 68 NY2d 202).
The second prong of the test is that the gender-based classification must be a reasonable means of achieving substantial government ends and not merely the arbitrary classifying of people by sexual sterotypes. (Craig v Boren, 429 US 190; Mississippi Univ. for Women v Hogan, 458 US 718.)
The legislative history is instructive on what the statutory *68 purpose is. In 1967 the law was passed apparently to curb the topless waitress fad in New York City (see, mem of Sen Calandra, 1967 Legis Ann, at 22). Subsequent amendments to the statute went beyond that scope and sought to protect parents and children from unwelcome public nudity (see, Governor’s approval mem, 1983 Legis Ann, at 101). Further amendments excepted from the statute exposure of breasts for feeding of infants (see, L 1984, ch 633).
There are no similar restrictions on public exposure in any other States except Indiana. The Court of Appeals has upheld the statute as it pertains to nude sunbathing by a male in public places (People v Hollman, supra). If the government purpose is found to be served by gender-based classification, the testimony of defendants’ experts must be rejected. Male and female breasts are physiologically similar except for lactation capability. Therefore, it is apparent that the New York law with the gender-based classification does not serve the legitimate governmental interest better than would a gender-neutral law (Orr v Orr, 440 US 268 [1979]).
The court therefore concludes that the statute’s gender classification violates the Equal Protection Clauses of the United States and New York State Constitutions.
The remaining issue is: what is the appropriate remedy? The unconstitutionality of one part of the statute does not necessarily render it void entirely (see, United States v Jackson, 390 US 570, 585; People v Liberta, 64 NY2d 152, 170-171). The statute can therefore be construed to be gender neutral and implicitly include in its prohibitions the exposure of a male’s breast as violative of the statute where it is satisfactorily demonstrated that it constitutes "private or intimate parts” of a person. Though an equal protection violation has been determined, the law does not require reversal of the conviction on that ground.
However, the rather unusual testimony in this case suggests that the conviction is legally insufficient and against the weight of the evidence in the case pursuant to CPL 470.20 (2), (5). The testimony of defense experts, George Barker and Rita Freedman, included evidence that the change in community standards is such as to negate the notion that a woman’s breast is a "private or intimate part” of a person’s body.
It is therefore the determination of this court that the verdicts of conviction are legally insufficient and against the *69 weight of the evidence and are therefore reversed (CPL 470.20 [2], [5]). The informations are dismissed.
It is further ordered that the records of all the defendants are to be sealed pursuant to CPL 160.50 (1) within 30 days of the filing of this decision and order.